

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2008

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5210

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Singh v. Atty Gen USA" (2008). *2008 Decisions.* Paper 783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5210

HARPAL SINGH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-978-989
(U.S. Immigration Judge: Honorable Henry S. Dogin)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2008

Before:  SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed July 29, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Harpal Singh, a citizen of India, petitions for review of the Board of Immigration

Appeals' order denying his untimely motion to reopen.  We will deny the petition.

Singh entered the United States without inspection in early 1998 and subsequently applied for asylum in August of 1998.  After an interview at the New Jersey Asylum Office, Singh's case was referred to an Immigration Judge (IJ) in Newark, New Jersey for a hearing to determine his eligibility for asylum.  Singh hired attorney Pat B. Pitchayan to represent him in court.  In October of 1999, the IJ denied Singh's application for asylum, witholding of removal, protection under the United Nations Convention Against Torture, and request for voluntary departure. The IJ based the denial of Singh's application on an adverse credibility finding.

Singh appealed the IJ's decision to the Board of Immigration Appeals (BIA) in November of 1999 with Pitchayan's assistance.  The BIA dismissed Singh's appeal on two distinct grounds.  First, the BIA dismissed Singh's appeal under 8 C.F.R. § 3.1(d)(2)(A) because he failed to identify the reasons for appeal and did not identify "why the Immigration Judge's denial of relief was wrong as a matter of law or discretion." Specifically, he failed to indicate what evidence in the record was not considered by the IJ, and what part of the IJ's decision should have been reversed.  Second, the BIA dismissed Singh's appeal under 8 C.F.R. § 3.1(d)(2)(D) because Singh had indicated he would file a separate brief, but failed to file a brief or to explain why he did not file a brief.

Singh contends Pitchayan had promised to file the appellate brief but did not follow through. Singh also contends he was not initially notified by Pitchayan of the BIA's dismissal of his appeal despite numerous attempts to follow up with Pitchayan's office. Singh contends he did not learn of the BIA's decision from Pitchayan until about 2004.

Subsequently, in April of 2006, with the assistance of new counsel, Singh filed an untimely petition with the BIA to reopen his case, arguing he had ineffective assistance of counsel during his appeal. On November 30, 2006, the BIA denied Singh's motion to reopen because it was filed after the ninety-day deadline established under 8 C.F.R. § 1003.2(c). The BIA additionally held that Singh's motion was not eligible for equitable tolling of the deadline because he failed to establish he diligently pursued his rights.

In his petition for review, Singh argues he had ineffective assistance of counsel during his appeal to the BIA. Singh also argues his due process rights were violated because he has not had a full opportunity to present his case.

II.

A.

"We review a final order of the BIA denying a motion to reopen for abuse of discretion." *Mahmood v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005).[1] This standard applies to motions to reopen, "regardless of the underlying basis of the alien's request [for

_____

[1] We have jurisdiction under 8 U.S.C. § 1252(a).

3

relief]." *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). The BIA's discretionary decisions "will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

"[A] claim of ineffective assistance [of counsel], if properly established, could constitute proper grounds for reopening an exclusion proceeding." *Lu v. Aschroft*, 259 F.3d 127, 132 (3d Cir. 2001). The BIA has held:

> A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

*Matter of Lozada*, 19 I. & N. Dec. 637, 637 (BIA 1988). "Under *Lozada*, to prevail on an ineffective assistance claim, an alien must demonstrate not only that counsel's assistance was ineffective, but also that he was prejudiced by counsel's poor performance." *Zheng v. Gonzalez*, 422 F.3d 98, 107 (3d Cir. 2005).

Under 8 U.S.C. § 1229a(c)(7)(C)(i), a motion to reopen generally must be filed within ninety days of the entry of a final administrative order of removal. The time limitation is not a jurisdictional requirement and is subject to equitable tolling. *Borges v. Gonzales*, 402 F.3d 398, 406 (3d Cir. 2005). However, a petitioner must exercise

4

"reasonable diligence in investigating and bringing [the] claims." *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). We have explained that "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." *Mahmood*, 427 F.3d at 253.

B.

Singh failed to exercise diligence in investigating and pursuing his claim. Singh waited nearly four years after the dismissal of his appeal to file his motion to reopen. As the BIA noted in its decision, although Singh contends he was not aware of the dismissal of his appeal until 2004, this does not account for the additional time he waited between 2004 and 2006 after releasing Pitchayan and before obtaining new counsel or investigating the order. *Cf. Borges*, 402 F.3d at 407 (finding grounds for tolling based on ineffective assistance of counsel when counsel offered a faulty explanation or instruction each time petitioner might have become aware of a problem). He offers no explanation for his inaction except lack of funds to obtain new counsel.

Moreover, Singh admits that, "[a]t that time, [upon notice of BIA's dismissal of the appeal] I was at a loss of what to do. . . . I also was not sure what's the relief I had at that time." He notes he was uncertain about the effect of his wife's immigration status on his case. In light of such uncertainties, reasonable diligence would require at least investigating the dismissal of his appeal and its effect on Singh's and his wife's immigration status. Because Singh failed to diligently investigate and pursue his claims,

5

we need not reach the issue of whether Singh demonstrated ineffective assistance of counsel. *See Mahmood,* 427 F.3d at 252 n.8. Additionally, we reject Singh's contention that the time limitation on his motion to reopen violated his due process rights.[2]

## III.

Accordingly, the BIA did not abuse its discretion in denying Singh's motion to reopen. For the foregoing reasons, we will deny Singh's petition for review.

---

[2]To the extent his due process argument implicates his ineffective assistance claim, as discussed *supra*, the ineffective assistance claim is time-barred.